F I L E D
United States Court of Appeals
Tenth Circuit

FEB 27 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

THE KICKAPOO TRIBE OF
INDIANS,

     Plaintiff-Appellant,

v.

ADA E. DEER, Assistant Secretary of
the Interior for Indian Affairs;
JIMMIE FIELDS, Area Director of the
Bureau of Indian Affairs for the
Muskogee Area Office; MITCHELL
CHOUTEAU, Area Director of the
Bureau of Indian Affairs for the
Anadarko Area Office; GALE A.
NORTON, [1] Secretary of the Interior;
ROBERT T. ANDERSON, Associate
Solicitor for the United States
Department of the Interior; UNITED
STATES OF AMERICA,

     Defendants-Appellees.

No. 00-3095

(D.C. No. 96-CV-4130)
(D. Kan.)

---

**ORDER AND JUDGMENT** [2]

---

    [1] Pursuant to Fed. R. App. P. 43(c)(2), Gale A. Norton is substituted for
Bruce Babbitt, Secretary of the Interior, as a defendant in this action.

    [2] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **HENRY, BRISCOE,** Circuit Judges, and **JENKINS** , District Judge [3].

Plaintiff Kickapoo Tribe in Kansas appeals the district court's dismissal of its action on the grounds that the Wyandotte Tribe of Oklahoma was a necessary and indispensable party. We exercise jurisdiction over the Kickapoo Tribe's appeal pursuant to 28 U.S.C. § 1291, reverse the district court's dismissal of the action, and remand for further proceedings.

I.

The relevant factual history of this case is recounted in detail in our opinion disposing of a companion appeal, Sac and Fox Nation of Missouri et al. v. Babbitt , No. 00-3063 (10th Cir. Feb. 27, 2001). For purposes of brevity, that history will not be repeated here.

The Kickapoo Tribe filed this action on July 12, 1996, challenging (1) the Secretary's decision to acquire, pursuant to Pub. L. 98-602, a tract of land in downtown Kansas City, Kansas (the Shriner Tract) in trust for the Wyandotte Tribe; and (2) the Secretary's conclusion that the Wyandotte Tribe could lawfully conduct gaming on the Shriner Tract under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-19. The complaint also asserted claims for monetary damages against the Wyandotte Tribe. After more than two years of litigation, a consent

---

[3] The Honorable Bruce S. Jenkins, Senior United States District Judge, District of Utah, sitting by designation.

2

order was filed on September 2, 1998, stating that the Kickapoo Tribe acceded in the sovereign immunity of the Wyandotte Tribe. As a result of the sovereign immunity finding, the Wyandotte Tribe was dismissed as a party defendant in this action. Approximately two months later, the Kickapoo Tribe filed a motion for judgment on the merits of its claims against the Secretary. The district court rejected the motion and dismissed the action on the grounds that the Wyandotte Tribe was a necessary and indispensable party under Federal Rule of Civil Procedure 19.

## II.

The sole question in this appeal is whether the district court erred in dismissing the Kickapoo Tribe's action against the Secretary on the grounds that the Wyandotte Tribe was a necessary and indispensable party to the action. [4] In Section II of our opinion disposing of the companion appeal, Sac and Fox Nation of Missouri et al. v. Babbitt, we addressed an identical issue and concluded that the Wyandotte Tribe was not a necessary and indispensable party to an action

---

[4] Although the Secretary argues the Kickapoo Tribe's claims are barred by the Quiet Title Act (QTA), 28 U.S.C. § 2409(a), the district court did not reach that issue. Instead, the district court dismissed the Kickapoo Tribe's claims solely on the grounds that the Wyandotte Tribe was an indispensable party to the action. Further, even if otherwise applicable, it is apparent the QTA would not bar the Kickapoo Tribe's challenge to the Secretary's determination that the Huron Cemetery is a "reservation" for purposes of the IGRA. For these reasons, we do not reach the issue of whether the QTA bars the Kickapoo Tribe's claims.

challenging the Secretary's determination regarding the Shriner Tract. Because the actions are substantially similar, we reach the same conclusion here, incorporating by reference our discussion disposing of the issue in the companion appeal. We reverse the district court's order of dismissal and remand this case to the district court for further proceedings.

III.

REVERSED and REMANDED for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge